*82 OPINION OF THE COURT
Per Curiam.
By decision and order of this Court dated October 19, 2012, inter alia, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a petition dated April 10, 2012, and the issues raised were referred to the Honorable Stella Schindler, as Special Referee, to hear and report.
The Grievance Committee now moves to impose discipline against the respondent upon her default in that she failed to submit an answer to the petition within the time frame set forth in the decision and order dated October 19, 2012.
The petition, which was personally served on the respondent on April 17, 2012, contains a single charge alleging that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee of a complaint of professional misconduct filed against her.
In 1991 and 2011, the respondent was admonished for her failure to cooperate with investigations by the Grievance Committee.
A copy of this Court’s decision and order dated October 19, 2012, was served on the respondent, by certified mail, return receipt requested, on November 1, 2012. On November 5, 2012, the Grievance Committee received a signed return receipt from the United States Postal Service. The respondent neither answered the petition nor requested additional time in which to do so.
On November 28, 2012, staff counsel for the Grievance Committee telephoned the respondent’s law firm and left a message for the respondent stating that it was imperative that she return staff counsel’s telephone call. Staff counsel did not receive a reply from the respondent, and placed another telephone call to the respondent’s law firm on November 29, 2012. Staff counsel spoke to the receptionist, who advised that she had relayed his earlier message to the respondent. Staff counsel advised that it was paramount that the respondent call him as soon as possible.
To date, the respondent has failed to call the Grievance Committee or submit an answer to the petition.
A copy of the instant motion was personally served on the respondent on December 10, 2012. The respondent has failed to *83 respond to the motion or move for additional time in which to submit a response.
Accordingly, the Grievance Committee’s motion is granted, the charge in the petition is deemed established, and, effective immediately, the respondent is disbarred upon her default, and her name is stricken from the roll of attorneys and counselors-at-law.
Eng, EJ., Mastro, Rivera, Skelos and Cohen, JJ., concur.
Ordered that the petitioner’s motion is granted upon the respondent’s default; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Sharon E. Cook, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Sharon E. Cook, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Sharon E. Cook, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Sharon E. Cook, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).